```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/16
```

KEITH DREW,                              :

                Plaintiff,     :     15 Civ. 7073 (PKC)(HBP)

    -against-                      :     OPINION
                             AND ORDER

THE CITY OF NEW YORK, et al.,           :

             Defendants.     :

```
----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated August 31, 2015 (Docket Item 4), plaintiff seeks the appointment of pro bono counsel. For the reasons set forth below, the motion is denied without prejudice to renewal.

This is a civil rights action brought under 42 U.S.C. § 1983 by a pretrial detainee in the custody of the New York City Department of Corrections. Plaintiff alleges in pertinent part that he engaged in various forms of protest as a result of being denied a telephone and a fully functional cell; according to plaintiff, his protests included removing his clothing and intentionally flooding his cell. Plaintiff claims that as a result of these protests, he was beaten by Department of Corrections personnel and subsequently denied appropriate medical care. Plaintiff alleges that he sustained a broken nose, broken ribs

and unspecified damage to his testicles as a result of the beating.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

The Court of Appeals for the Second Circuit has

> stated in various ways the applicable standard for
> assessing the merits of a pro se litigant's claim.   In
> Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)],
> [the court] noted that "[e]ven where the claim is not
> frivolous, counsel is often unwarranted where the
> indigent's chances of success are extremely slim," and
> advised that a district judge should determine whether
> the pro se litigant's "position seems likely to be of
> substance," or showed "some chance of success."   Hodge,
> 802 F.2d at 60-61 (internal quotation marks and cita-
> tion omitted).   In Cooper v. A. Sargenti Co., [the
> court] reiterated the importance of requiring indigent
> litigants seeking appointed counsel "to first pass the
> test of likely merit."   877 F.2d 170, 173 (2d Cir.
> 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204
(2d Cir. 2003).

Although I am willing to assume that plaintiff lacks
the financial resources to retain counsel privately, it does not
appear that he has satisfies any of the other criteria.   Plain-
tiff states that he has contacted only two attorneys in an effort
to secure pro bono counsel.   Although plaintiff makes the
conclusory assertion in his application for counsel that the case
involves "complex legal issues," the factual and legal issues
seem relatively straight forward, namely whether defendants used
force against plaintiff and, if so, was the force used either
unnecessary or disproportionate to the situation.   Most impor-
tantly, although the case is still in its early stages and it
appears that no discovery has been conducted yet, it does not

3

appear at the present time that the case has sufficient merit to warrant the my requesting counsel to volunteer to represent plaintiff.  Plaintiff cites no evidence that might corroborate his claim, and, based on the current content of the record, it appears that the only evidence at a trial would be plaintiff's uncorroborated testimony and the testimony of several correction officers who will, in all probability, testify that any force used was justified by plaintiff's behavior.  Although plaintiff's uncorroborated testimony, if credited, would be sufficient to prove his case, see United States v. Danzey, 594 F.2d 905, 916 (2d Cir. 1979)("[T]he testimony of a single, uncorroborated eyewitness is generally sufficient to" prove a proposition beyond a reasonable doubt.), the apparent absence of evidence other than plaintiff's testimony leads me to conclude that the case is fairly weak.

Accordingly, for all the foregoing reasons, plaintiff's application for pro bono counsel is denied without prejudice to renewal.  Any renewed application should be supported by an affidavit or affirmation discussing the factors identified above.

4

The Clerk of the Court is requested to mark Docket Item 4 as
closed.

Dated:   New York, New York
         July 7, 2016

                                 SO ORDERED

                                 _____
                                 HENRY PITMAN
                                 United States Magistrate Judge

Copies transmitted to:

Mr. Keith Drew
Book & Case No. 349-15-08356
Anna M. Kross Center
18-18 Hazen Street
East Elmhurst, New York   11370

Daniel G. Saavedra, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York   10007